# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Barbara Cobble et al.

v.

Colecroft Station
Condominium Unit
Owners' Ass'n et al.

## Case No. (Chancery) CH951511

BY JUDGE DONALD H. KENT

### January 29, 1996

The complainants seek an order from this Court directing the defendants to re-count the ballots cast for directors at the annual meeting of the condominium association. The defendants in response have filed a demurrer and plea in bar.

The Court, having considered the pleadings, memoranda, and arguments of counsel, finds:

(a) The matter is not moot since the election results affect the terms to be served by the directors.

(b) The necessary parties to this cause have been properly joined. It would be impracticable to join all of the unit owners, and the parties named have the same interest as the unnamed parties. The named parties are certain to bring forward all of the merits of the case as would the absent parties.

(c) The rule that Courts may not hear election contests unless provided by statute is applicable to public elections but not private elections. Courts have inherent equity jurisdiction to review elections when a property right is at issue.

The demurrer and plea in bar are overruled.

September 24, 1996

The Court has been advised that the parties have re-counted the votes of · the election of November 8, 1995, as directed by the Court, and the sole remaining issue is whether or not counsel fees should be awarded.

The complainants have requested an award of attorney's fees under § 55-79.53 of the Code and Rule 4:12(c).

The Court finds that while an award may be proper under § 55-79.53, equity and fairness indicate otherwise. The complainants should be bound by their representations that they were not seeking counsel fees.

The Court further finds that an award of counsel fees would be appropriate under Rule 4:12(c). The final order should reflect an award of $3,500.00 in counsel fees pursuant to Rule 4:12(c).